FILED

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

2008 AUG 29 PM 12: 16

|  |  |  |
|---|---|---|
| GWEN ALSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **2 08CV 247** |
| APX ALARM SECURITY | ) | |
| SOLUTIONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

### INTRODUCTION

1.      Plaintiff Gwen Alston brings this action to secure redress for the accessing

of a consumer report on plaintiff without plaintiff's consent or any lawful reason, in violation of

the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA").

### JURISDICTION AND VENUE

2.      This Court has jurisdiction under 28 U.S.C. §§1331 and 1337 and 15

U.S.C. §1681p ("FCRA").

3.      Venue in this District is proper in that defendant transacts business in this

District.

### PARTIES

4.      Plaintiff Gwen Alston is an individual who resides in Gary, IN.

5.      Defendant APX Alarm Security Solutions, Inc. ("APX") is a corporation

chartered under Utah law with offices at 5132 N 300 W, Provo, UT 84604. It does business in

1

Indiana. Its registered agent and office are CT Corporation System, 251 E. Ohio St., Suite 1100, Indianapolis, IN 46204 or 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

## FACTS

6. In June 2008, APX retrieved or "pulled" plaintiff's full consumer report (credit report), from each of the three major credit bureaus.

7. Plaintiff has no business relationship with APX.

8. Plaintiff did not seek to do business with APX.

9. Plaintiff Gwen Alston had not authorized defendant to access or use plaintiff's consumer report.

10. Defendant had no reason to believe that plaintiff Gwen Alston had authorized defendant or defendant's agents to access plaintiff's consumer report or use information therein.

11. Plaintiff Gwen Alston did not initiate any transaction with defendant.

12. A salesperson from APX visited plaintiff's home on a "cold call" on or about June 14, 2008, but plaintiff was not home.

13. When plaintiff inquired why her credit report had been accessed, APX sent the letter attached as Exhibit A.

14. The FCRA, 15 U.S.C. §1681a(d), defines "consumer report" as follows:

**The term "consumer report" means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for--**

2

**(A) credit or insurance to be used primarily for personal, family, or household purposes; . . .**

15. The FCRA, 15 U.S.C. §1681a(f), defines "consumer reporting agency" as:

**[A]ny person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.**

16. The FCRA, 15 U.S.C. §1681b, provides it is permissible to obtain or use a

consumer report on a consumer only with the written consent of the consumer or for certain

"permissible purposes," such as the extension of credit to, or review or collection of an account

of, the consumer, employment purposes, the underwriting of insurance, or in connection with a

business transaction that is initiated by the consumer, or to make a "firm offer of credit."

17. The requester must certify to the consumer reporting agency that a

permissible purpose exists.

18. No "permissible purpose" existed in the case of plaintiff.

## VIOLATION ALLEGED

19. Defendant obtained or used, or caused to be obtained or used, the

consumer report of plaintiff Gwen Alston without her written permission or a "permissible

purpose."

20. Defendant willfully violated the FCRA.

21. Defendant is liable under 15 U.S.C. §1681n.

WHEREFORE, plaintiff requests that the Court enter judgment in plaintiff's favor

3

and against defendant for:

  a.    Appropriate statutory damages;

  b.    Injunctive relief against further violations;

  c.    Attorney's fees, litigation expenses and costs of suit;

  d.    Such other or further relief as is appropriate.

Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS, LATTURNER
   & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## **JURY DEMAND**

Plaintiff demands trial by jury.

Daniel A. Edelman

T:\21728\Pleading\Complaint_Pleading.wpd

4